IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| MITCHELL SIMPSON, | ) |
| Plaintiff, | ) Civil Action No. 2:16-cv-160 |
| v. | ) Judge Arthur J. Schwab |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| S.G.T. Mr. BLACK, | ) |
| | ) ECF No. 7 |
| Defendant. | ) |

## MEMORANDUM ORDER

The Complaint was filed in the above captioned case on March 1, 2016, after Plaintiff's Motion to Proceed *In Forma Pauperis* was granted and Plaintiff paid the initial partial filing fee. The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 7), filed on March 25, 2016, recommended that Plaintiff's First Amendment retaliation claim, based on the loss of his prison job, and his Eighth Amendment failure to protect claim be dismissed without prejudice, and that Plaintiff be granted leave to file an amended complaint as to those claims. The Report and Recommendation further recommended that Plaintiff's Fourteenth Amendment due process and equal protection claims, as well

1

as his Eighth Amendment conditions of confinement claim, be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Service of the Report and Recommendation was made on Plaintiff at his address of record. Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that he had fourteen (14) days to file any objections. On April 11, 2016, Plaintiff filed Objections to the Report and Recommendation (ECF No. 8).

The Court has conducted a *de novo* review of the pleadings, Report and Recommendation and Plaintiff's objections, and makes the following findings. In his objections, Plaintiff discusses facts which are not set forth in the body of his Complaint to make his argument opposing preservice dismissal. Nowhere in his Complaint or the attachments thereto does Plaintiff state that he suffers from asthma. Even if he had, he has not set forth how the extreme cold affected his asthma or that he was physically harmed in any way. Therefore, the Court finds no merit to this objection and finds dismissal with prejudice of the Eighth Amendment conditions of confinement claim is appropriate.

Plaintiff also fails to mention in the body of his Complaint that his First Amendment claim is based on "lost papers." If Plaintiff wishes to pursue a First Amendment claim based on "lost papers," he must allege facts to support such claim, including facts showing that he exhausted his administrative remedies, in the body of his Complaint. This Plaintiff has failed to do. However, as the Court is granting Plaintiff leave to amend his Complaint, Plaintiff may include a properly pled First Amendment claim based on the "lost papers" in his amended complaint.

2

As to his objections to the recommended dismissal of his Fourteenth Amendment claim, Plaintiff does not address the Magistrate Judge's finding that he does not state a protected liberty or property interest, but rather, asserts for the first time that Defendant and officers of F-B-Block had his property and his legal paperwork got lost, "stopping his due process rights," and he was in the hole without proper care and he could not take care of himself because they had his property for two weeks. Pl.'s Obj., ECF No. 8 at 5. These new assertions do not impact the legal conclusion reached by the Magistrate Judge as to the Fourteenth Amendment due process claim asserted in the Complaint, and therefore, this objection is overruled.

Plaintiff's argument about alleged actions that took place after he was released from the hole are non-responsive to the Report and Recommendation, as it involves facts and claims that are not pled in the Complaint. The information set forth on Plaintiff's Objections pages 9, 10, 11 and 23 (ECF No. 8 at 8-11) is not contained in his Complaint, and therefore, cannot be considered in ruling on his objections. If Plaintiff believes that this information supports claims he wishes to raise in an amended complaint, he may include it in the body of his amended complaint.

Accordingly, the Court enters the following Order:

**AND NOW**, this 15th day of April, 2016,

**IT IS HEREBY ORDERED** that Plaintiff's Fourteenth Amendment due process and equal protection claims, as well as his Eighth Amendment conditions of confinement claim, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment retaliation claim, based on the loss of his prison job, and his Eighth Amendment failure to protect claim are **DISMISSED WITHOUT PREJUDICE**, and that Plaintiff is granted leave to file an amended complaint as to those claims on or before **April 29, 2016**.

**IT IS FURTHER ORDERED** that Plaintiff may include in his amended complaint any additional claims and supporting facts which he raised for the first time in his objections to the Report and Recommendation. In drafting his amended complaint, Plaintiff shall take notice of the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10. Plaintiff is cautioned, however, that the amended complaint replaces the original one. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."). *See also Zrodskey v. Head Classification Officer*, Civ. A. No. 3:11cv00283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing Snyder v. Pasack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints."). Therefore, Plaintiff must name each and every defendant he wishes to sue, and include all of the claims and supporting factual allegations to which he would like those defendants to respond and which he would like the Court to consider **in the body of the amended complaint**. **Should Plaintiff fail to file an amended complaint by the deadline, Plaintiff's Complaint will be dismissed with prejudice without further notice.**

4

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 7) of Magistrate Judge Lenihan, dated March 25, 2016, is adopted as the opinion of the Court.

BY THE COURT:

*Arthur J. Schwab*

ARTHUR J. SCHWAB
United States District Judge

cc: Mitchell Simpson
DY – 1141
S.C.I. Fayette
Box 9999
LaBelle, PA  15450 - 0999